# SUPPLEMENT TO THE SARATOGA SENTINEL.

PUBLISHED BY WILBUR & COREY, AT $1.00 PER ANNUM.

Vol. III.]                    MARCH 7, 1843.                    [No. 2.

## COURT OF CHANCERY.

### DECISIONS OF THE CHANCELLOR,
MARCH 7, 1843.

*Sarah Burr by Sidney D. Burr her next friend* v. *Jonathan Burr.*   This was an application on the part of the de- Appeal bond. fendant to stay the proceedings upon a decree against him Staying proceed- pending an appeal to the court for the correction of errors. ings on appeal. The bill was filed by the wife against her husband for a limited divorce, or separation from bed and board.   She obtained a decree of separation, and for alimony from the time of the commencement of the suit ; the arrears up to the 12th of October, 1842, at the rate of $10000 per annum, together with the costs of suit to be paid immediately, and at the same rate during the natural life of the complainant, to be paid quarterly.   The decree also directed that the allowance for alimony should be secured to her for her separate use through the medium of a trustee ; with liberty for her to dispose of the same as she pleased at her death by an instrument in the nature of a will, and notwithstanding her coverture.   The arrears of alimony and the costs of suit not being paid, the complainant's solicitor caused the decree to be enrolled, and took out execution for the amount then due, as authorized by the terms of the decree ; which execution was levied by the sheriff upon the property of the defendant.   After such levy and before the sheriff had proceeded to sell, the defendant appealed to the court for the correction of errors.   He executed an appeal bond to his wife, with two sureties, approved by an injunction master, in the penalty of $250, conditioned

2

to pay the costs and damages which might be awarded against him upon the appeal; which bond was filed with the register. He also executed another bond to his wife, with two sufficient sureties, in the sum of $60,000, conditioned to prosecute his appeal and to pay the amount decreed to be paid if the decree should be affirmed, and to abide and obey the order of the court for the correction of errors, to be made upon the subject of such appeal. This bond was also approved by the injunction master and filed with the register.

*W. Hay* and *D. Wright*, for the appellant.

*S. Stevens* and *C. Stevens*, for the respondent.

The Chancellor. Although the statute requires a bond to the adverse party upon the appeal, the bond must be given in such form as to be valid. And if a husband cannot give any bond to his wife which can be legally enforced in her name, the appeal bond must be given to her next friend, or to the reg'ster of the court, or to some other trustee for her use and benefit. By the common law the husband and wife are considered one person; and a bond given by the husband to the wife would be invalid, as he cannot covenant with her. *(Coventry's Coke,* 112.) If a man gives a bond to a feme sole, and afterwards marries her, the bond is discharged. So if she marries one of the obligors in the bond. *( Com. Dig. Baron and Feme, D.* 1.) The wife is undoubtedly the adverse party in this case. And if it was an appeal from a decree granting an absolute divorce, an appeal bond given to the complainant in her own name would be valid. For if .the decree should not be reversed upon the appeal, she would be considered as a feme sole from the date of the original decree. And if it was reversed, the condition of the bond would have been complied with. But in the case under consideration, I think the bond should have been given to the next friend of the complainant, or to the register of the court as her trustee; which would have been a sufficient compliance with the statute requiring a bond to be given to the adverse party. The appellant, however, may amend by filing a new bond in the penalty of $250, to perfect his appeal or

*Bond by husband o wife.*

by depositing the amount in money with the register, nunc pro tunc.

If the amount of alimony decreed to be paid hereafter, as well as that which is now due and payable, is necessary to be secured, to make the appeal a stay of the execution for the amount now due under the provisions of the 28th section of the statute relative to appeals, (2 *R. S.* 606,) the bond in this case is wholly insufficient. For the amount now due and that which will probably become due during the residue of the respondent's life according to the usual tables of mortality would be at least equal to the penalty of the bond. I am inclined to think, however, that in such a case as this the execution for the amount which is now due should be stayed by giving security by a bond in double that amount.— But that will not stay the execution of process of sequestration, to compel the giving of security to the trustee of the respondent, for the payment of the future alimony ; unless such security is given in conformity with the decree, and deposited with the register to abide the final decree of the court for the correction of errors; as required by the 84th section of the statute. The decree in this case directs the payment of money ; and also requires the execution of certain securities in trust to secure future payments. In such a case, in order to stay the proceedings upon both branches of the decree, the provisions of both sections must be complied with. And if only one of them, which is applicable to one part of the decree, is complied with, it will not stay the proceeding under the other part of the decree appealed from.

Although the execution of a bond under the provisions of the 82d section of the statute relative to appeals does not of itself stay the sheriff from proceeding upon an execution which had been previously issued, the court in its discretion may direct the execution to be stayed upon the giving of such security. There must, therefore, be an order to stay all further proceedings upon the execution in the hands of the sheriff, upon the execution of a new bond to the register or to the next friend, in trust for the complainant in the penalty of at least fifty thousand dollars, with two sufficient sureties

to be approved by the proper officer and filed with the register, within ten days. This stay of the execution is, however, upon the condition that the *ad interim* alimony is paid from time to time as directed by the former order of the court; and to be deducted from the amount of permanent alimony decreed to be paid if the decree of this court is affirmed upon the appeal.

But the complainant's solicitor is to be at liberty to proceed to enforce the giving of the security for future alimony under the other branch of the decree unless the defendant shall think proper to stay such proceedings pending the appeal by giving the security and filing it with the register, to abide the final decision of the appellate court.