[No. 364.   Decided November 12, 1891.]

THE STATE OF WASHINGTON, *on the Relation of L. D. Smith,* v. MORRIS B. SACHS, *Judge.*

JUDGMENT OF OUSTER—APPEAL—STAY—BOND.

On an appeal from a judgment ousting the appellant from the office of school clerk, he is entitled, under the Laws, 1891, p. 341, to file a bond staying proceedings pending the appeal, and it is the duty of the trial judge to order and fix the amount thereof.

*Original Application for Mandamus.*

*Johnson & Moody,* for petitioner.

*Geo. W. Tyler,* for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—On the 7th day of October, 1891, one Charles F. Bailey filed in the superior court of Jefferson county an information against the relator herein, claiming an interest in and right to the office of clerk of school district No. 1, in said Jefferson county, and praying judgment that the relator be ousted from said office, and that he, the said Bailey, be adjudged title to and be put into possesssion of the same. Upon the trial of the cause judgment of ouster and for costs was rendered against this relator, and in favor of said Bailey, from which judgment the relator, Smith, appealed to this court. Within five days after notice of appeal was given the relator filed his appeal bond with the clerk of said superior court, which was duly approved by said clerk; and thereafter requested the respondent, as judge of said court, to fix the amount of a bond to stay proceedings in said cause pending the appeal to the supreme court. This the judge declined to do, whereupon the relator applied, upon motion and affidavit, to this court for an alternative writ of mandate commanding the said superior judge to order and fix the sum and amount in which a good and sufficient bond might be given by relator to stay proceedings on said judgment pending the appeal, or to show cause why the same had not been done. The writ was issued as prayed for, and, on the return day thereof, the respondent appeared by his counsel and filed his answer and return to said writ, wherein it is stated that he declined to fix the amount of a bond to stay proceedings for the reasons—(1) that, in his opinion, there is no law in this state providing for a stay of proceedings pending an appeal in the case of usurpation of an office and judgment of ouster; and (2), that if the power to fix a bond and stay proceedings is in the discretion of the court, he (respondent) does not think this is a case in which such dis-

7—3 WASH.

cretion should be exercised in favor of the appellant. The relator objects to the sufficiency of the return, and moves the court to issue a peremptory writ.

Upon the argument it was not seriously contended by the learned counsel for respondent that the relator had no right to file any stay bond whatever. On the contrary, he conceded that execution for costs might be stayed by a proper bond. But he earnestly insisted that this court ought not to require the respondent to fix the amount of a bond to stay all proceedings upon the judgment of the superior court, for the alleged reasons that such a bond would be wholly futile and ineffectual for any such purpose; that the relator could not thus be reinstated in the office from which he had been ousted; and that he would not be justified thereby in attempting to exercise the functions thereof. However that may be, the question seems to us to be one, not of expediency, but of right. It is not necessary for us, at this time, to determine or discuss what would be the *status* or right of the respective claimants to the office in controversy upon filing a bond to stay further proceedings, or what would be the ultimate effect of the bond. The question for our determination is, has the relator a right to file such a bond pending his appeal? If he has, it is the manifest duty of respondent to order and fix the amount thereof. And, as the statute relating to appeals to the supreme court (Laws 1891, p. 341) seems to provide for filing stay bonds upon appeal, in all cases, when desired by appellants, we are of the opinion that the relator has a right to file such a bond in this case, and that the respondent ought to determine and fix the amount of the same. We conclude, therefore, that the return to the alternative writ is insufficient.

Let the peremptory writ issue.

Hoyt, Scott, Stiles and Dunbar, JJ., concur.