[No. 4206.    Decided April 22, 1902.]

THE STATE OF WASHINGTON *on the Relation of William M. Byers,* v. SUPERIOR COURT OF SPOKANE COUNTY.

APPEALABLE ORDER — TEMPORARY INJUNCTION — COMMANDING DELIVERY OF PROPERTY PENDING ACTION.

In an action by a corporation for a mandatory injunction requiring one who had been secretary to turn over the books, papers and money belonging to that office to one claimed to have been elected his successor, an order of the court requiring defendant to turn over such property to the president pending the litigation, owing to a dispute as to who was the legally elected secretary,

is a temporary mandatory injunction and appealable under Bal. Code, § 6500, subd. 3.

**SAME.**

Bal. Code, § 5640, which provides that if a party to an action "has in his possession, or under his control, any money, or other thing capable of delivery, which, being the subject of the litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same to be deposited in court, or delivered to such party, with or without security, subject to the further direction of the court," is inapplicable to property held by an officer by virtue of his office, such as money, books, and insignia of office, which are held' by a tenure different from that of a mere trustee.

**SAME — SUPERSEDEAS.**

On an appeal from an order awarding a temporary mandatory injunction, commanding an officer of a corporation to deliver the property belonging to his office to another, the order may be superseded in that respect.

*Original Application for Injunction.*

*Crow & Williams,* for relator.

*Stoll & Macdonald,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—The Standard Gold Mining Company, a corporation, brought an action in the superior court of Spokane county against the relator above named, and alleged that on the 13th day of April, 1900, relator was secretary and treasurer of the plaintiff corporation, and, as. such, received for the use of the corporation certain books, papers, and money belonging to the corporation; that relator still retains the same in his possession; that on the 6th day of November, 1901, relator's term as such secretary-treasurer expired, and his successor was duly elected and qualified; that, prior to the commencement of the action, demand was made of relator for the books, papers, and money, which demand was refused; that the plaintiff corporation

is unable to perform its functions, or to transact its business and care for its property, without the possession of its books, papers, and money; that relator is insolvent,— and prays (1) that a mandatory injunction issue, requiring the relator to deliver to said corporation or some proper officer thereof, the books, papers, and money described; and (2) for a judgment for the money, and possession of the books and papers, and for damages for the unlawful detention thereof. Thereafter, while the action was pending, and before the issues were made up, the cause came on for hearing upon motion of the plaintiff for a temporary order requiring relator to deliver the books, papers, and money in his possession to the corporation pending the action. This motion was heard upon affidavits filed on the part of both plaintiff and relator, and the court, on February 15, 1902, made a temporary order, as prayed for, restraining the relator from refusing access to the property of plaintiff, and directing the relator to turn over to the president of the plaintiff corporation the books and papers described, and $373.98, which it was admitted the relator had in his possession, belonging to plaintiff. Thereafter relator gave notice of appeal from said order, and requested the court to fix a supersedeas bond staying the mandatory part of the order. This request was refused by the court. Application was thereupon made to this court for a writ of mandate requiring respondent to fix a supersedeas bond. An order was issued out of this court requiring the respondent to show cause why the amount of the supersedeas bond should not be fixed. The respondent on the return day of the writ answered substantially that the order, being in the nature of a temporary injunction, cannot be superseded; that a controversy exists between the plaintiff and defendant in the action named as to whether defendant or one James

Dawson is secretary-treasurer of the plaintiff corporation; that relator made no claim to the ownership of the books and money; that because of such controversy the business of the corporation was embarrassed; that the said books, papers, and money were necessary to carry on the business of the corporation; and that relator could not complain if the possession of the property was taken from him temporarily and placed in the hands of the corporation; and that the order made, in so far as it directed relator to turn over the property, is not an appealable order. Two questions are presented for our consideration upon this answer: (1) Is the order appealable, under the statute? and (2) if appealable, may such an order be superseded?

1. The Code, at § 6500, Bal. Code, provides:

"Any party aggrieved may appeal to the supreme court . . . 3. From any order granting or denying a motion for a temporary injunction, heard upon notice to the adverse party."

It is conceded that the portion of the order restraining the defendant from doing any act may be reviewed here on appeal, but it is argued that that portion of the order requiring defendant to turn over the property described is interlocutory, and authorized by § 5460, Bal. Code, and therefore not appealable. The section referred to reads as follows:

"When it is admitted by the pleading or examination of a party that he has in his possession, or under his control, any money, or other thing capable of delivery, which, being the subject of the litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same to be deposited in court, or delivered to such party, with or without security, subject to the further direction of the court."

This section of the statute does not refer to property held by an officer by virtue of his office, as in the present

case. It, no doubt, refers to property held by a party as trustee, simply, with no rights thereto other than as trustee, or, to property belonging or due to another party claiming it. But property held by an officer by virtue of his office, such as money, books, and insignia of office, is held by a tenure different from that of a mere trustee. While the books, papers, and files in the office of the secretary of a corporation, either public or private, or money in the hands of a treasurer of such corporation, belong, of course, to the corporation, the possession belongs to the office or officer who holds it. So long as he holds the office he must hold the property. Corporations conduct their business by officers authorized to hold the office and the property pertaining thereto. Under this section of the Code the court would have no authority to take the property of the corporation from the possession of one officer and deliver it to another not authorized by the charter and by-laws of the corporation to hold it. The object of the original action, according to the complaint, is to obtain possession of the property described; and for that purpose a mandatory injunction is prayed, commanding the defendant to deliver the property to James Dawson, who, it is claimed, is successor in office of relator. By the return of the respondent herein to the writ, it appears that there is a dispute between the corporation and relator as to whether relator or James Dawson is the legally elected secretary and treasurer of the corporation. Upon a hearing for a temporary restraining order, the court issued a temporary mandatory order requiring relator to deliver the books, papers, and money belonging to his office to the president of the corporation; thus temporarily depriving relator of the possession of the property, and consequently of the office pending the litigation. It is clear that this was more than a prohibitory restraining order, which is usually an order to preserve the

status of the property pending the litigation. It changed the status of the parties by changing the possession, not only of the property, but also of the office. The order made by the court was a temporary mandatory injunction granting the same temporary relief which the complaint asked to be made permanent, and is, in our opinion, under the statute appealable.

2. It was held by this court in *Stale ex rel. Commercial Electric L. & P. Co. v. Stallcup,* 15 Wash. 263 (46 Pac. 251), that an order granting a temporary prohibitive injunction cannot be superseded or suspended by an appeal. We are satisfied that the rule there announced is in accordance with the great weight of authority, and is correct. It was said in the case, at page 269:

"We think that the true rule is laid down in *Merced Mining Co. v. Fremont* [7 Cal. 130], *supra,* viz.: 'A stay of proceedings, from its nature, only operates upon orders or judgments *commanding some act to be done, and does not reach a case of injunction;'* "

thus recognizing a distinction between an order changing the status of the parties and one which maintains the *status quo.* It was said in *Stewart v. Superior Court,* 100 Cal. 543 (35 Pac. 156, 563):

"The purpose of an injunction is to hold the subject of the litigation in *statu quo* until a final determination. It is doubtless true as a general rule that an injunction is not dissolved or suspended by an appeal, but there are exceptions to the general rule, and these exceptions are where the judgment commands or permits some act to be done. In such cases a stay of proceedings can be had."

See, also, *Mark v. Superior Court,* 129 Cal. 1 (61 Pac. 436). The statute of California relating to appeals in injunctional orders is substantially the same as the statute of our own state. In the case of *State ex rel. Smith v. Sachs,* 3 Wash. 96 (27 Pac. 1075), where the relator by

final judgment was ousted from the office of clerk of a school district, and the court had refused to fix a supersedeas bond on appeal, this court held, under the statute then in force, that relator was entitled to supersede the judgment, and that it was the duty of the trial judge to fix the amount of the bond. In the case of *State ex rel. Bank v. Superior Court,* 12 Wash. 677 (42 Pac. 123), where a temporary receiver was appointed, and directed to take possession of a bank pending the litigation, this court held, under the statute now in force, that where an appeal had been taken from the order the appellant was entitled to a stay of proceedings. The principle enunciated in this case, it seems, is the same as the one now before us. The case of *Fawcett v. Superior Court,* 15 Wash. 342 (46 Pac. 389, 55 Am. St. Rep. 894) did not expressly overrule *State ex rel. Smith v. Sachs, supra,* but very much modified the effect of that decision. Nor did it overrule *State ex rel. Bank v. Superior Court, supra,* but distinguished that case by reason of the fact that the final judgment in *Fawcett v. Superior Court* was self-executing. The gist of the decision in *Fawcett v. Superior Court* was that the effect of the appeal in the *quo warranto* case, after the statutory bond had been filed, was to leave the proceedings in the same situation as they were in at the time the appeal bond was filed and the appeal became effectual, and, inasmuch as the judgment of ouster was self-executing, Fawcett was not restored to his former office by the filing of a bond to stay proceedings. In other words, the stay of proceedings did not change the *status quo* of the parties. A temporary mandatory order cannot be held to be self-executing.

The order, therefore, being an appealable order, under the statute, may be superseded in so far as it commands the relator to deliver the property to another; and upon

the appeal being taken and request made for a supersedeas bond, it was the duty of the court to fix the bond requested. The writ will issue accordingly.

REAVIS, C. J., and FULLERTON, HADLEY, WHITE, ANDERS and DUNBAR, JJ., concur.