[No. 4631.    Decided March 30, 1903.]

THE STATE OF WASHINGTON on the Relation of Chas. P.
Oudin v. SUPERIOR COURT OF SPOKANE COUNTY,
HENRY L. KENNAN, Judge.

PROHIBITION, WHEN LIES — INADEQUATE REMEDY BY APPEAL.

The writ of prohibition will issue against the superior court
in favor of a defendant on whose motion a receiver was dis-
charged, from which order appeal was taken by plaintiff and the
control of the receiver superseded during appeal, since there
is no remedy by appeal for the defendant, the only appealable
order, if any, being the one in his favor for the discharge of the
receiver.

RECEIVERS — DISCHARGE — APPEAL — EFFECT OF SUPERSEDEAS.

Where the discharge of a receiver follows as a matter of
course upon the affirmance of the final judgment in a cause which
makes no provision for the retention of the receiver, an order
for the discharge is self-executing, and the filing of a supersedeas
bond on a second appeal would not reinstate the receiver, or
authorize the court to maintain possession of the property pend-
ing appeal.

Original Application for Prohibition.

Thayer & Belt, for relator.

Danson & Huneke and R. L. Edmiston, for respondent.

The opinion of the court was delivered by

MOUNT, J.—Application for a writ of prohibition. In the year 1900 M. L. Bergman and others began an action in the superior court of Spokane county, in equity, against C. P. Oudin and others, and subsequently a receiver was appointed to take charge of and operate a pottery plant about which the litigation arose. After a trial of that action a decree was rendered in favor of the defendants. The plaintiffs appealed from that judgment to this court. Pending the appeal the receiver retained possession of the property. The judgment was subsequently affirmed by this court. *Bergman v. Oudin,* 30 Wash. 703 (70 Pac. 1135). On the remittitur from this court being filed in the lower court, the defendants moved for a discharge of the receiver. This motion was granted, and on March 3, 1903, the lower court made and entered an order discharging the receiver, as follows:

"Now on this 3d day of March, 1903, the above-entitled cause came regularly on for hearing on application of the defendants for an order discharging the receiver herein, George E. Cole; and the parties herein appearing in court by their attorneys, and evidence having been offered and considered, and the court being fully advised in the premises, it is hereby ordered and adjudged as follows: (1) That said receiver, George E. Cole, be, and he is hereby, discharged as receiver in this case, and directed to forthwith turn over and deliver to the Oudin & Bergman Fire Clay Mining & Manufacturing Company all its real and personal property, except the sum of $150 in money, which may be retained until the settlement of the receiver's account; the books and papers of the company to be delivered by him to the company's secretary, Martin L. Bergman, and the moneys of the company to be paid over to the company's treasurer, Charles P. Oudin, after first paying the amount hereinafter mentioned. (2) That said receiver forthwith pay into the office of the clerk of this

court, for the benefit of Charles P. Oudin and Eva M.
Oudin, the sum of $1,447.51, in satisfaction of the judg-
ment in their favor against said company. (3) That he
forthwith make a tender to either Thomas F. Conlan or
M. L. Bergman of the sum of $865, mentioned in the de-
cree herein."

The money was paid as directed; the plaintiffs Conlan
and Bergman accepting the money tendered to them ac-
cording to the order, and the order was fully complied with
by the receiver, as directed by the court, except that before
he had turned over the pottery plant, books, etc., an ap-
peal was taken by the plaintiffs from the order discharg-
ing the receiver, and the court, upon motion of the appel-
lant, fixed the supersedeas bond on appeal, which was
given; and thereupon the lower court assumed to exercise
jurisdiction over the pottery plant, and to maintain the
receiver in possession thereof, and now threatens to pun-
ish the defendants for contempt of court if they, or any
of them, attempt to interfere in any way with the pos-
session of the receiver. No defense is offered to this appli-
cation, except that the order discharging the receiver has
been superseded, and also that the relator has a remedy by
appeal. It is not suggested by counsel for respondents, in
his brief or in his oral argument, what the relator could
appeal from. He certainly cannot appeal from the order
of discharge of the receiver, for that order was made upon
his motion, and is in his favor. It is not even contended
that relator could appeal from the order fixing a super-
sedeas bond. If relator cannot appeal from one of these
orders, then it is difficult to understand wherein he has an
adequate remedy by appeal.

The remaining question is, does the giving of the stay
bond on appeal reinstate the possession of the property in
the hands of the receiver? It is argued by relator that the

order of final discharge is not an appealable order. We do not desire at this time to decide this question, because it is not necessary in this case, and, further, because that question will more properly arise in the case here on appeal. The final decree in *Bergman v. Oudin* did not provide for the retention of the receiver thereafter. For that reason the order discharging the receiver followed as a matter of course upon the affirmance of the judgment of the lower court in *Bergman v. Oudin, supra.* The order was self-executing, and immediately terminated the right of the receiver to withhold possession of the property from the parties entitled thereto under the decree as affirmed by this court, and therefore falls squarely within the principle announced in *Fawcett v. Superior Court,* 15 Wash. 342 (46 Pac. 389, 55 Am. St. Rep. 894). The supersedeas bond therefore did not reinstate the receiver, or authorize the court to maintain possession of the property.

It was stated by counsel for respondent on the oral argument that there was no contention over the accounts of the receiver, and that these accounts had all been settled. There is nothing, therefore, for the receiver to do. The cause in which he was appointed has been finally determined. All the issues which were or could have been litigated between the parties were litigated, and are at an end. The receivership should also end.

We think, under the showing made, the court is exercising and threatening to exercise authority without his jurisdiction, and the writ is therefore granted as prayed. Costs in favor of relator.

DUNBAR, HADLEY, and ANDERS, JJ., concur.