[No. 6270. Decided July 19 1906.]

THE STATE OF WASHINGTON, *on the Relation of C. Victor Martin, Plaintiff,* v. MILES POINDEXTER, *as Judge etc., Respondent.*[1]

APPEAL — RIGHT TO SUPERSEDEAS — SELF-EXECUTING JUDGMENT — MANDAMUS—ATTORNEYS—SUSPENSION FROM PRACTICE. Since a judgment suspending an attorney from practicing is self-executing, an appeal does not vacate the judgment, and mandamus will not lie to the trial judge to fix the amount of the supersedeas bond.

Application filed in the supreme court June 8, 1906, for a writ of mandamus to compel the superior court for Chelan county, Poindexter, J., to fix the amount of a supersedeas bond, pending an appeal from a judgment suspending the relator from practicing as an attorney at law. Denied.

*John E. Humphries, Geo. B. Cole, C. H. Neal,* and *M. J. Cochran,* for relator.

*Wm. A. Grimshaw, A. N. Corbin,* and *Frank Reeves,* for respondent.

MOUNT, C. J.—This is an application for a writ requiring the trial court to fix a bond to supersede a judgment of disbarment pending an appeal to this court. The facts are alleged in the petition substantially as follows: That relator is an attorney at law, authorized to practice in all the courts of this state; that respondent is a judge of the superior court of the state, presiding in Chelan county; that in the case of the state upon relation of John D. Dill and others against C. Victor Martin, the relator herein was suspended from practicing law in the courts of this state for the period of three years, and a judgment was duly entered to that effect in the superior court of the state for Chelan county, on April 17, 1906, which judgment was and is in full force and effect; that on April 23, 1906, relator herein regularly ap-

[1]Reported in 86 Pac. 176.

pealed from said judgment to this court; that relator at the time of taking said appeal demanded of the trial judge that he fix the amount of a bond and enter an order staying proceedings on said judgment of suspension pending said appeal, and that said judge refused to fix the amount of such bond and refused to enter an order staying proceedings on said judgment; that relator has numbers of cases pending in the courts of Washington, undisposed of, and that it is necessary that he be allowed to practice in the courts of this state in the cases in which he has been employed.

It is readily seen that the judgment suspending the relator from practicing as an attorney at law is self-executing. It requires no process or further order of the court to make it effective. The entry of the order was sufficient for that purpose, and nothing further was necessary. This court has uniformly held that, where a judgment is self-executing, an appeal therefrom does not have the effect to vacate the judgment or to reinstate one removed from office, and such judgment cannot be superseded as a matter of right. *Fawcett v. Superior Court,* 15 Wash. 342, 46 Pac. 389, 55 Am. St. 894; *State ex rel. Commercial Elec. Light & Power Co. v. Stallcup,* 15 Wash. 263, 46 Pac. 251; *State ex rel. Barnard v. Board of Education,* 19 Wash. 8, 52 Pac. 317, 67 Am. St. 706, 40 L. R. A. 317; *State ex rel. Oudin v. Superior Court,* 31 Wash. 481, 71 Pac. 1095; *State ex rel. Gibson v. Superior Court,* 39 Wash. 115, 80 Pac. 1108. This being the rule, it follows, of course, that the trial judge will not be required by mandamus to fix a bond or enter an order suspending the judgment.

Counsel for relator relies upon the case of *State ex rel. Barnard v. Board of Education, supra,* but that case upon the facts was entirely different from this, and in so far as the principle here involved was considered in that case, the inferences are against the position of relator, for the court there said: "We are inclined to think that the bond upon appeal conditioned as a supersedeas under our statutes did not

operate to suspend and supersede the judgment quashing the alternative writ." This court then, in order to prevent an unfair trial and preserve the status of the parties and the fruits of the appeal, and in aid of its appellate jurisdiction, granted a suspension of the judgment. No intimation was given that the appellant in that case could compel the lower court to grant a suspension of its judgment as a matter of right. *State ex rel. Denham v. Superior Court,* 28 Wash. 590, 68 Pac. 1051, also relied upon by relator, is not in point. The judgment in that case was not self-executing, and could therefore be superseded. Relator also cites the case of *Heffren v. Jayne,* 39 Ind. 463, 13 Am. Rep. 281, but that case held that the judgment of suspension was null and void. The later case of *Walls v. Palmer,* 64 Ind. 493, is directly in point, and squarely against the position of relator.

The application for the writ is therefore denied.

DUNBAR, ROOT, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.