[No. 18604.  Department One.  May 28, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Prentiss Tucker, Individually and as Administrator of the Estate of Edward C. Tucker, Deceased, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *J. T. Ronald, Judge, Respondent.*[1]

APPEAL (232)—RIGHT TO SUPERSEDEAS—SELF-EXECUTING ORDER— REMOVAL OF ADMINISTRATOR.  An order removing an administrator and appointing another is a self-executing order, and cannot be superseded on appeal as a matter of right; and the lower court's refusal to stay the order pending appeal is well within its power and discretion.

Application filed in the supreme court April 4, 1924, for a writ of mandamus to compel the superior court for King county, Ronald, J., to fix the amount of a supersedeas bond, pending an appeal from an order removing relator as administrator of an estate.  Denied.

*J. W. Russell,* for relator.

PARKER, J.—This is an original mandamus proceeding in this court wherein relator, Prentiss Tucker, seeks a writ of mandate to compel the superior court

[1]Reported in 226 Pac. 127.

for King county to fix the amount of a supersedeas bond, to the end that he may execute such a bond and thereby effect a stay of an order of that court removing him from his office of administrator of the estate of Edward C. Tucker, deceased, pending his appeal from that order to this court.

The order of removal was entered after a hearing upon the petition of James E. Seargeant, the trustee in bankruptcy of the estate of the relator, Prentiss Tucker. After reciting the appointment and qualification of relator in 1916 as the administrator of the estate of Edward C. Tucker, deceased, and his failure to comply with orders of the court made in the course of administration of the estate, the order of removal reads as follows:

"Now, Therefore, it is hereby ordered that Prentiss Tucker, as administrator of the estate of Edward C. Tucker, deceased, be, and he is hereby, removed; and be it

"Further ordered that Prentiss Tucker be, and he is hereby, directed to forthwith file with the clerk of the above named court a statement of his accounts showing all moneys by him received, and all moneys paid out by him; and be it

"Further ordered that C. L. Henry be, and he is hereby, appointed administrator of the estate of Edward C. Tucker, deceased, and that letters of administration be issued to him upon his taking the oath and filing his bond as by law required in the sum of $3,-000.00; and be it

"Further ordered that said Prentiss Tucker be, and he is hereby, directed to forthwith deliver to C. L. Henry all moneys and properties he has in his possession belonging to the estate of Edward C. Tucker, deceased."

In relator's application for the writ it is alleged, among other things, that the judge of the superior

court refused to fix the amount of a supersedeas bond, as stated by him in disposing of the application, because "he had no jurisdiction to supersede said order removing your petitioner as such administrator," and "that if he thought he had jurisdiction to do so he would fix the amount of a supersedeas bond upon said appeal." However, statements made by the superior judge in his return to the alternative writ issued out of this court seem to us to rather plainly indicate that, while he may have entertained doubts as to his jurisdiction to permit a supersedeas pending an appeal, he was also of the opinion that, as a matter of discretion, a supersedeas suspending the effect of the order pending the appeal should not be awarded. So we think that, upon the whole record before us, it cannot be said that the trial judge refused to entertain the question of relator's right to a supersedeas, as a question of discretion as well as a question of want of jurisdiction in the premises.

Our decision in *State ex rel. Martin v. Poindexter*, 43 Wash. 147, 86 Pac. 176, it seems to us, is decisive of the problem here for solution; wherein we held, in substance, that an order of a superior court suspending an attorney from practice was self-executing, and therefore could not be superseded as a matter of right pending an appeal therefrom. So deciding, Chief Justice Mount, speaking for the court, said:

"It is readily seen that the judgment suspending the relator from practicing as an attorney at law is self-executing. It requires no process or further order of the court to make it effective. The entry of the order was sufficient for that purpose, and nothing further was necessary. This court has uniformly held that, where a judgment is self-executing, an appeal therefrom does not have the effect to vacate the judgment or to reinstate one removed from office, and such judg-

ment cannot be superseded as a matter of right. *Fawcett v. Superior Court,* 15 Wash. 342, 46 Pac. 389, 55 Am. St. 894; *State ex rel. Commercial Elec. Light & Power Co. v. Stallcup,* 15 Wash. 263, 46 Pac. 251; *State ex rel. Barnard v. Board of Education,* 19 Wash. 8, 52 Pac. 317, 67 Am. St. 706, 40 L. R. A. 317; *State ex rel. Oudin v. Superior Court,* 31 Wash. 481, 71 Pac. 1095; *State ex rel. Gibson v. Superior Court,* 39 Wash. 115, 80 Pac. 1108. This being the rule, it follows, of course, that the trial judge will not be required by mandamus to fix a bond or enter an order suspending the judgment.''

Surely it cannot be said that the private or property right of an administrator in his office is of any higher order or entitled to any greater protection than the right of a duly admitted attorney at law to remain such officer of the court pending an appeal from a judgment removing him. We have quoted the whole of the order appealed from apart from its preliminary recitals. It will be noticed that the order did not award any judgment for costs against relator. If there had been costs adjudged against him, it may be conceded that he could have superseded such portion of the order, as he could have superseded any other money judgment rendered against him. It seems plain to us that, since the order only removes relator from his office as administrator, directs him to account, appoints another in his place, and directs him to deliver the property of the estate in his possession to his successor, the order is in all respects self-executing; and that the court acted well within its power and discretion in refusing to allow any part of the order to be stayed pending the appeal. To allow such orders to be superseded upon appeal would in most cases work serious inconvenience and delay interfering with the rights of others than the administrator, pending the administration of an estate. The claimed personal rights of an administrator under such

circumstances, involving practically nothing but his claimed right to administer the estate, should, under all ordinary circumstances, be subordinated to the rights of others interested in the estate. The order appealed from will not at all interfere with the determination of relator's right to compensation for his services as administrator, nor does it adjudicate what property is in his hands to be turned over to his successor. These questions, and all others touching his rights and duties as administrator up to the time of his removal, are still determinable by the court in the administration of the estate.

The writ is denied.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.