THE PEOPLE OF THE VIRGIN ISLANDS, Plaintiff

v.

JAMES BATES, Defendant

Criminal No. 18-1938

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

September 21, 1938

**HASTIE,** *Judge*

In the Police Court of Christiansted the appellant has been found guilty of violation of the motor vehicle law and sentenced to pay a fine. A further penalty of revocation of his driver's permit was also imposed by the Court. In appealing to this court, the defendant filed an undertaking of bail in amount fixed by the Police Court for the purpose of superseding the judgment. Thereafter, no steps have been taken to compel payment of the fine. However, the defendant complains that pursuant to the judgment appealed from he has been denied the privilege of operating an automobile despite the filing of the aforesaid bond. This question is properly disposed of before hearing on the merits of the appeal.

Two questions are involved: First, whether any discretion is vested in the Police Court in the superseding of a judgment when appeal is taken and proper bond is given, and, second, whether for purposes of supersedeas, the penalty of revocation of license to operate an automobile is to be regarded as different from the ordinary penalty of fine or imprisonment.

438

■■ Appeals from the Police Court in criminal actions are covered by chapter 37■ of Title V of the Code (1921). Section 2 of that chapter makes the giving of an "undertaking for the costs of an appeal" an essential step in perfecting an appeal. Section 6 provides: "that an allowance of an appeal does not stay the proceedings on a judgment unless the defendant give an undertaking of bail on appeal." Section 7 provides "that when an appeal is taken the Police Judge must allow the same and make an entry thereof in his docket, stating whether the proceedings are thereby stayed or not." Thus, it is possible that an appeal be taken and perfected by the posting of a bond for costs, but without bail bond, in which case the proceedings on a judgment are not stayed. This possibility gives reasonable meaning to the requirement that entry in the Police Court docket should state whether proceedings are stayed by the appeal or not. The language of section 6 implies that an undertaking of bail on appeal automatically stays proceedings on a judgment, and the language of section 7 makes it clear that it is an appeal, supported, of course, by an undertaking of bail, and not any judicial action which stays the proceedings. Stay of proceedings on a judgment is a consequence decreed by statute in every case in which the appeal is supported by a proper undertaking of bail. The trial court has no discretion in the matter.

■ It remains to consider whether a stay of "proceedings on a judgment" affects so much of a judgment as purports to revoke the defendant's license to operate an automobile. The phrase "proceedings on a judgment" ordinarily includes no more than steps in the nature of legal exclusions which, except for the staying, might be taken to carry out the judgment. To include anything else

is to give the words some additional meaning by implication.

The motor vehicle ordinance of Saint Croix provides that the violator of that law may "have his driver's license revoked by the court." See section 35 of Ordinance approved May 18, 1938 (Bill No. 3)█. Thus, the penalty of revocation of license becomes operative and completely effective as soon as the judgment is entered and without any "proceedings on the judgment." That portion of the judgment is self-executing. There are no proceedings thereon to be stayed. Moreover, there is a substantial public interest in having persons who are convicted of violation of the traffic laws removed from the driver's seat without delay. The hearing of an appeal may be postponed for months. During that period, the defendant's appeal bond is no protection to members of the public who use the highways. Thus, the language of the statute and its apparent purpose both are opposed to construction which would make revocation of license inoperative pending appeal. This view is supported by adjudicated cases involving analagous types of judgments. Cf. In re Graves, 62 Cal. App. 168, 216 Pac. 386 (disbarment of attorney); State ex rel. Martin v. Poindexter, 43 Wash. 147, 86 Pac. 176 (same); Randles v. Randles, 67 Ind. 434 (adjudication of title); State ex rel. Tucker v. Superior Court, 130 Wash. 45, 226 Pac. 127 (order removing administrator).

So much of the judgment as revoked the defendant's driver's permit remains in full force and effect during the pendency of this appeal.