[No. 2013.  Decided October 28, 1895.]

THE STATE OF WASHINGTON *on the Relation of The German-American Safe Deposit & Savings Bank,* v. THE SUPERIOR COURT OF PIERCE COUNTY AND HONORABLE EMMETT N. PARKER, *Judge.*

APPOINTMENT OF RECEIVER — RIGHT OF APPELLANT TO STAY OF PROCEEDINGS — WRIT OF PROHIBITION — SUFFICIENCY OF SUPERSEDEAS BOND.

Under the statutes of this state, upon an appeal from an order appointing a receiver, the appellant is entitled to a stay of proceedings upon complying with the provisions therefor the same as upon an appeal from any other order or judgment.

The failure of a surety upon a supersedeas bond to appear and justify after notice, when the sufficiency of the bond, either in form or substance, has been attacked, will not disqualify him as a surety upon a new bond given upon the abandonment of the old one, after its invalidity had been certified by the judge.

When a supersedeas bond has been certified as insufficient by the judge, and a new one filed by the appellant, the judge cannot of his own motion certify such new bond as invalid and insufficient, but the bond can be attacked only by like exceptions thereto and upon like notice to the appellant as in the case of the bond first filed.

A superior court will be prohibited from further proceeding in the execution of its order for the appointment of a receiver, when an appeal has been taken from such order, and a sufficient bond for the stay of proceedings has been filed by the appellant.

*Original Application for Prohibition.*

*D. J. Crowley,* and *T. W. Hammond,* for relator.

*H. F. Garretson,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—The city of Tacoma commenced an action in the superior court of Pierce county against the relator herein, by which it was sought to have a receiver appointed to take possession of its assets and wind up its business.

After an answer to the complaint had been filed by
the defendant, the application for the appointment of
a receiver to take charge of the bank during the
pendency of the action was, after hearing, granted,
and an order duly made appointing S. R. Balkwill as
such receiver, and directing him to take possession of all
the property of the defendant. From this order the
defendant gave notice of appeal to this court, and filed
a cost bond as required by the statute. It also, before
the receiver had done anything in pursuance of such
order, obtained from the court an order fixing the
amount in which it should give a bond to stay proceed-
ings under said order, and filed such bond with
sureties, who made several affidavits as to their respon-
sibility as required by statute.

Thereafter, on the 19th day of October, 1895, ex-
ceptions were filed to the sufficiency of such sureties,
and notice given to the defendant to produce them in
court at ten o'clock in the forenoon of the 22d day of
October, 1895. The sufficiency of the form of the
bond was also attacked by exceptions served at the
same time. On said 22d day of October, the defend-
ant filed objections to the hearing of the exceptions,
upon the ground that sufficient notice had not been
given. The court disregarded these objections, and
the defendant taking no further action and not pro-
ducing the sureties on the bond for examination, cer-
tified the fact as to the non-appearance of the sureties
and declared the bond void and held for naught.
Thereupon the defendant proffered and filed in court
a new bond, sufficient in form and signed by sureties,
who qualified as required by the statute. Whereupon
the court, on its own motion, made and caused to be
entered an order substantially as follows:

" Now, on this day immediately following the mak-

ing of the certificate and order declaring the super-
sedeas bond filed in this case on the 19th day of
October, A. D. 1895, void, comes the defendant by its
attorneys B. F. Heuston and T. W. Hammond and
filed a paper purporting to be an additional super-
sedeas bond with Royal A. Gove, R. B. Mullen, John
Murray, Sarah H. Murray, J. A. Lawrence, C. M. Law-
rence, John H. Wilt, the same sureties who were on
the first bond above referred to, each and all of whom
failed and neglected to appear and justify, as shown
by the records in this case, together with J. M. Junett,
James A. Frace and C. O. Bean as additional sureties
on said bond, which additional sureties have qualified
on said bond as follows:   J. M. Junett for $20,000.00,
C. O. Bean for $10,000.00, and James A. Frace for
$5,000.00, making a total of $35,000.00 and no more,
and the court being of the opinion that said bond is
void and of no effect for the reason that the qualifica-
tion of the sureties thereon does not exceed the total
sum of $35,000.00, except as to those sureties who
were upon the supersedeas bond first above referred to
and who have failed to appear or justify as required,
making the total amount of the legal justification on
said bond the sum of $35,000.00 and no more, when it
should be one hundred and twenty thousand ($120,-
000.00) dollars.

"Whereupon the receiver, together with his counsel,
is directed to immediately take possession of the prop-
erty of the said defendant."

Acting under this order, the receiver, who had
theretofore qualified, took possession of the property
of the defendant over its protest, by the employment
of force. The object of this proceeding is to obtain an
order from this court prohibiting the superior court
from further proceeding in the enforcement of its
order for the appointment of a receiver, and to have
set aside all that has been done thereunder since the
filing of the supersedeas bond.

The grounds upon which this relief is asked are

that, upon the filing of the supersedeas bond, the superior court was deprived of jurisdiction to proceed further upon the order appealed from until such appeal had been heard and determined, and that, for that reason, it should be prohibited from proceeding further, and, to the end that the defendant might not lose the fruits of its appeal, it was entitled to have matters restored to the condition in which they were at the time of the filing of the supersedeas bond, and have them so maintained until the determination of the appeal. Some other reasons have been suggested why the relief prayed for should be granted, but, in our opinion, the rights of the parties must in this proceeding depend upon conclusions to be drawn upon the proceedings above outlined.

The respondent, the judge of the superior court who made the order appealed from, and the city of Tacoma have appeared to show cause why the relief prayed for in the petition should not be granted. The first contention on behalf of each is that the order appealed from could not be superseded, and they cite some authorities to sustain their contention upon this point. The authorities so cited are not satisfactory, and if they were, would be of little weight here for the reason that the statutes of the states from which such authorities come were unlike ours. Our statute as to appeals, in one section, provides at length what judgments and orders may be appealed from, and in another section, in the same act, provides how proceedings on an order or judgment appealed from may be stayed, and in our opinion it is clear that the legislature intended to give to the party prosecuting an appeal from any order or judgment the right to take advantage of the provisions for staying execution. There is no reason for holding that the provision as to stay bonds applies

to one order or judgment mentioned in the preceding section and not to another, and as it must apply to some we feel compelled to hold that it applies to all, and since an order appointing a receiver is in express terms made appealable by the provisions of the act, it must be held that the provision as to the stay of proceedings, in the same act, applies to an order of that kind.

The reason given by the judge in his return, for proceeding in the execution of the order for the appointment of the receiver after the stay bond was given, was that there was no appearance of the sureties in the first bond for the purposes of justification, and that for that reason such sureties were disqualified from becoming such on the new bond, and that, excluding such sureties from consideration, the new bond upon its face showed that it was not such a bond as was required by the statute. If the failure of a surety to appear when the party had been required to produce him for examination would disqualify him from becoming a surety on a new bond, when the old one had been attacked only on account of the alleged insufficiency of the sureties, the rule would not apply in this case, for the reason that the bond was attacked by the plaintiff for want of form, and it was entirely proper for the defendant, if it thought such attack could not be successfully resisted, to abandon the attempt to make good the old bond and file a new one. But in our opinion a surety would not be disqualified by not being produced at the time required by the notice. No other result could follow from his failure to appear than to have his name taken from the consideration of the court in determining the sufficiency of the first bond. To hold that his failure to appear disqualified him from being a surety at all, would be unwarranted by the statute and might work great

hardship upon an appellant who, by reason of the absence of a competent surety from town at the time when he was required to be produced, would be deprived of his aid in completing his appeal. Whether the sureties appeared or not the result most adverse to the appellant would be to have the bond certified to be insufficient and declared to be void. The learned judge seemed to take this view at the time he certified the facts as to the failure of the sureties to appear, for the reason that he followed such certificate by the one required by the statute upon sureties having been found insufficient.

It cannot be successfully contended that, for the reason that a surety upon examination has not been found good for a large amount, he is thereby disqualified from becoming a surety for a small amount, as to which amount the proof shows him to be sufficient. We, therefore, feel compelled to hold against this claim of the respondent. The rights of the appellant, after such certificate had been made, were the same as they would have been if the bond had been declared void on account of the insufficiency of the sureties after examination. The appellant, therefore, after the certificate of the judge as to the invalidity of the first bond, was entitled to file a new one in accordance with the provisions of the statute. This holding is not only necessary to prevent grave injustice being done to a party who is in good faith prosecuting an appeal, but seems to be the only one justified by the language of the statute, which is as follows:

"If the judge upon such examination is satisfied that the surety or sureties are qualified as such, to the extent to which they are required by § 8 of this act to make affidavit, then he shall make a certificate to that effect indorsed upon or attached to the bond, which shall thereupon stand as a sufficient appeal bond to

the effect expressed in the condition thereof; but if he is not so satisfied, or if, the sureties fail to attend and justify, then the judge shall in like manner certify to that effect, and thereupon the bond shall become void. Provided, that in such case the appellant may, within five days after the making of such certificate, file a new appeal bond, in conformity with the requirements of this act, and subject to the requirement of justification of the sureties therein, as hereinabove provided; but in case such new appeal bond be found insufficient, no new boud can thereafter be filed in lieu thereof."

The filing of a new bond with the sureties therein mentioned was, therefore, in the exercise of a right given by the statute to the appellant, and the question presented for our consideration is as to how this new bond could be attacked.  The superior court assumed to attack it upon its own motion without notice to the appellant to produce the sureties or without any examination whatever in reference to their qualifications. In our opinion, in so doing, it acted without authority and in such a manner as to deprive the appellant of the fruits of its appeal.  Such bond could in our opinion only be attacked upon the same notice and in the same manner as the first one.  It is not reasonable to suppose that it was the intention of the legislature that the appellant should presume that such new bond was to be attacked and therefore be present with all of his sureties in court to meet an attack that might or might not be made.  Besides, we think there can be but one interpretation to the language of the statute as applying to exceptions to the new bond and to the qualification of the sureties when exceptions have been filed to such bond, and that is that such exceptions must be taken and notice to the party given to produce the sureties in the same manner and for the same time as in case of the first one.

It follows from what we have said that in our opinion the proceedings of the lower court, under the order for the appointment of a receiver, since the filing of the supersedeas bond have been without authority and are of such a nature as to deprive appellant of the fruits of its appeal. This being so we are required by the express provisions of our constitution to issue such a writ or order as will restore the appellant to its rights upon the appeal and protect it thereunder. In § 4 of art. 4 of our constitution it is provided as follows:

"The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction."

And since by such provision this court is given that power it follows, upon familiar principles, that it cannot escape the responsibility imposed thereby, but must in a proper case exercise the power granted.

An order will be issued prohibiting the superior court from further proceeding in the execution of its order for the appointment of a receiver until the determination of the appeal therefrom, or until the further order of this court; and requiring it to issue the necessary orders to place the appellant in possession of its property wrongfully taken from it by the receiver.

SCOTT and GORDON, JJ., concur.