[No. 3273.  Decided June 10, 1899.]

THE STATE OF WASHINGTON *on the Relation of Otto Bringgold, Appellant,* v. CYRUS R. BURNS *et al., Respondents.*

SUPERSEDEAS — WHEN ISSUED PENDING APPEAL.

An order of supersedeas will not be granted to continue a writ of prohibition against a board of police, staying their further action upon charges against a member of the police force, pending the determination of an appeal from an order sustaining a demurrer to the application for a writ of prohibition, where the sole objection to the hearing is that the board has no jurisdiction because the charges preferred constitute a public offense.

SAME — APPLICATION DETERMINED BY RECORD.

An application for a writ of supersedeas must be determined upon the record as made in the court below, and cannot be aided by any extrinsic matter not urged before, or passed upon by, the court below.

EVIDENCE — PRESUMPTIONS AS TO JURISDICTION OF POLICE BOARD.

It will not be presumed that the jurisdiction of a board of police to dismiss a police officer for an offense is lost when the offense reaches the degree of a misdemeanor or a felony, in the absence of evidence that the city charter warrants such a construction.

*Original Application for Supersedeas.*

*John F. Dore, J. E. Fenton* and *Lewis & Lewis,* for appellant.

The opinion of the court was delivered by

FULLERTON, J.—The relator is a member of the police force of the city of Spokane, and the respondents are city

commissioners and constitute the board of police of that
city. On the 22d day of March, 1899, the mayor of the
city made and filed with the board of police certain charges
in writing, accusing the relator of inefficiency, and of being
guilty of improper behavior as a member of such police
force, and recommending his removal from office. A cita-
tion was issued to the relator, citing him to appear before
the board of police and answer to the charges made against
him. On the day appointed, the relator appeared and ob-
jected to the hearing on the ground that the board had no
jurisdiction to entertain or hear the charges preferred
against him, for the reason that said charges constituted a
public offense, which charges are cognizable by the regu-
larly constituted courts, and are triable therein before a
jury, and are not within the provisions of § 3 of the charter
of the city of Spokane. The board of police overruled the
objections and set the cause down for hearing at a subse-
quent date, at which time the relator appeared, and the
taking of testimony upon the charges was commenced.
Subsequent thereto, and while the hearing was in progress,
the relator applied to the superior court of the county of
Spokane for a writ of prohibition against the police board,
asking that it be prohibited from further proceeding with
the cause. In answer to the alternative writ served upon
them, the board of police demurred on the ground "that
neither the affidavit upon which the same was granted, nor
said writ, state facts to justify or warrant the issuance or
continuance thereof; or sufficient to constitute a cause of
action." On the hearing this demurrer was sustained and
the writ discharged, and the relator duly appealed to this
court. By this proceeding the appellant asks this court to
supersede the judgment of the court below, and continue
the writ of prohibition against the board of police, staying
any further action upon said charges until the appeal shall
be heard and determined here.

In *State ex rel. Barnard v. Board of Education,* 19 Wash. 8 (52 Pac. 317, 67 Am. St. Rep. 706), we held that this court has jurisdiction to issue an order of super-sedeas to preserve the *status quo* of parties to an appeal pending its determination upon its merits, when for want of such an order the appeal may be rendered of no avail to the party appealing, and this court's judgment upon the appeal be rendered ineffective. In that case Barnard was superintendent of the city schools of Seattle. Charges were filed with the board of directors of said school district, charging Barnard with misfeasance and malfeasance in office, with conduct unbecoming a superintendent of schools, and with disobeying the rules of conduct estab-lished by the board of directors. The superintendent ob-jected to A. J. Wells, one of the board of directors, sitting as a member of the tribunal to hear and determine the charges, on the grounds that said Wells was disqualified by reason of bias, prejudice and personal enmity towards the relator. The affidavit recited that said Wells was a per-sonal enemy of the relator; that he was a prime mover in having the charges preferred and prosecuted, and had pub-licly announced his intention to vote to find relator guilty; that he proposed to vote to remove relator from his office, no matter what the evidence might be; and that his mind was made up and his determination fixed. The writ of prohibition in that case was sued out to prevent the said Wells from sitting as a member of the trial board. The lower court sustained a demurrer to the application, and this court, on appeal therefrom, held that it was a proper case for the issuance of a supersedeas.

That case is cited and relied upon in the present case. But it is manifest there is a wide difference between the cases. There it was charged and confessed by the de-murrer that one member of the trial board was so biased and prejudiced against the accused that no such thing as

a *trial* was possible before him. He had prejudged the case, and announced in advance what his judgment would be. Here the fairness or impartiality of the board of police, or of any individual member thereof, is not questioned,—the objection being solely that the board has no jurisdiction because the charges ' preferred constitute a public offense. The court will not grant this writ as of course. Before it will do so, it will look far enough into the merits of the application to ascertain whether some substantial right of the complaining party has been invaded, which this court will probably remedy by the determination of the appeal. This we have done in the case at bar, and have found nothing which we think warrants the issuance of the writ. The petition recites that the charges preferred by the mayor are not within the provision of § 3 of the charter of the city of Spokane. This part of the charter is not, however, made part of the record in the cause, nor was it exhibited to us at the hearing, and we have been left to determine the question upon the general rules of law applicable thereto. Tested by these rules, we think it cannot be seriously contended that the board of police have jurisdiction to try and dismiss a police officer for the commission of a trivial offense, but lose that jurisdiction when the offense committed by the officer reaches the degree of a misdemeanor or a felony. If this were so, the more unfit the officer, the less subject to discipline would he be. In the absence of a positive showing, this court will not presume that the city charter of the city of Spokane warrants a construction so at variance with reason.

We have not overlooked the fact that the applicant has sought to bring himself within the case of *State ex rel. Barnard v. Board of Education, supra,* by alleging in his petition filed here, that the chairman of the board of police is biased and prejudiced against him and has prejudged

his case.   But this cannot avail him.   No such charge is made in the objections filed before the board of police, nor in the application for the writ of prohibition filed in the lower court, from which the appeal is taken.   It requires no argument to show that the case must be determined here upon the record as made in the court below, and cannot be aided by any extrinsic matter not urged before, or passed upon by, the court below.

.   The application for a writ of supersedeas is denied, and the alternative writ heretofore issued, discharged.

GORDON, C. J., and REAVIS, ANDERS and DUNBAR, JJ., concur.