[No. 4281.    Decided May 9, 1902.]

THE STATE OF WASHINGTON *on the Relation of H. T. Denham* v. SUPERIOR COURT OF KING COUNTY *et al.*

CONTEMPT — APPEAL — RIGHT OF APPELLANT TO SUPERSEDEAS — MANDAMUS TO COMPEL COURT TO FIX BOND.

On an appeal from a judgment for contempt, which is permitted the party in contempt by Bal. Code, § 5811, the appellant is entitled to all the provisions of the law governing appeals, including the right to a stay of execution pending his appeal; and, where the court refuses to fix a supersedeas bond for the purpose of staying its judgment of contempt, it may be compelled so to do by writ of mandamus.

*Original Application for Mandamus.*

*Remington & Reynolds*, for relator.

*James J. McCafferty*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The relator was fined $300 for contempt of court, and ordered committed until such fine was paid, and until an order·of the court in relation to turning over certain moneys to a receiver was complied with. An exception was taken to the judgment for contempt, which was al-

lowed. An appeal was taken from said judgment, and the court was asked to fix the amount of a supersedeas bond for the purpose of staying the judgment of contempt until the matter could be tried on appeal. The court refused to fix said bond, and the relator is here asking for a writ of mandamus to compel the court to fix a supersedeas bond.

The argument in this case has taken a wide range, both in the briefs and upon oral argument. It is not material, so far as the disposition of this case is concerned, whether the court was acting with or without jurisdiction in the contempt proceeding. If acting without jurisdiction, and an adequate appeal was available to the relator, the writ, under many decisions of this court, would not issue. If acting within its jurisdiction and the fruits of the appeal would be lost by reason of the refusal of the court to accept a supersedeas bond, the writ would issue. But in this instance it is conceded that the relator is entitled to an appeal, and the one question is, is he entitled to a stay of proceedings during the pendency of his appeal? This question, it seems to us, is definitely settled by the statute. § 5811, Bal. Code, is as follows:

"Either party to a judgment in a proceeding for a contempt may appeal therefrom in like manner and with like effect as from judgment in an action, but such appeal shall not have the effect to stay the proceedings in any other action, suit, or proceeding, or upon any judgment, decree, or order therein, concerning which or wherein such contempt was committed.    .    .    .    "

The statute is so plain that it is difficult to construe it. The law provides for a stay of proceedings in appeals, and, if an appeal may be taken in a proceeding for contempt with like effect as from judgment in an action, the effect must necessarily be a stay of execution and a supersedeas of the judgment. That the appeal will stay the contempt

proceeding is made certain by the provision of the section that it "shall not have the effect to stay the proceedings in any other action, suit, or proceeding, or upon any judgment, decree or order therein, concerning which or wherein such contempt was committed." This court, in *State ex rel. German-American, etc., Bank v. Superior Court,* 12 Wash. 677, 680 (42 Pac. 123), applied a liberal construction to the appeal statutes with relation to staying the judgments, and said:

"Our statute as to appeals, in one section, provides at length what judgments and orders may be appealed from, and in another section, in the same act, provides how proceedings on an order or judgment appealed from may be stayed, and in our opinion it is clear that the legislature intended to give to the party prosecuting an appeal from any order or judgment the right to take advantage of the provisions for staying execution."

This language might appropriately be applied to this case. See, also, *State ex rel. Nooksack River Boom Co. v. Superior Court,* 2 Wash. 9 (25 Pac. 1007); *State ex rel. Olson v. Allen,* 14 Wash. 684 (45 Pac. 644); *Fawcett v. Superior Court,* 15 Wash. 342 (46 Pac. 389, 55 Am. St. Rep. 894). The case of *In re Cave,* 26 Wash. 213 (66 Pac. 425), upon which the respondent probably relied, is not in point. That was an attempt to review a decision of the superior court by a writ of habeas corpus, and it was held that this could not be done in that proceeding.

We think the relator is clearly entitled to the relief sought, and the writ will issue as prayed for.

REAVIS, C. J. and FULLERTON, MOUNT, ANDERS, HADLEY and WHITE, JJ., concur.