[No. 4763. Decided August 10, 1903.]

THE STATE OF WASHINGTON on the Relation of John Cawley et al. v. TOWN OF BREMERTON et al.

SUPERSEDEAS — ISSUANCE BY SUPREME COURT IN AID OF APPELLATE JURISDICTION — FUTILITY OF APPEAL — EFFECT.

A writ of supersedeas will not issue from the supreme court to stay a judgment of the superior court pending appeal, where it appears that the controversy will have ceased at the time of the hearing of the appeal in regular course, since it is the intent of art. 4, § 4, of the constitution that writs in aid of the court's appellate jurisdiction shall be issued only in cases when necessary and proper to the complete exercise of such jurisdiction and when the appeal would afford inadequate remedy.

*Original Application for Supersedeas.*

*George C. Israel* and *R. H. Lindsay*, for petitioners.

*Greene & Griffiths*, for respondents.

The opinion of the court was delivered by

MOUNT, J.—Prior to June 6, 1903, the town of Bremerton, a municipal corporation of the fourth class, had issued to relators a license to retail spirituous and malt liquors within the limits of said town at a place therein designated. On that day the relators were engaged in con-

ducting a saloon under their license for the retail of liquors,
when the mayor issued and caused to be served upon them
a notice to appear at a special meeting of the common
council of said town, to be held three hours after the
notice was served, and show cause why their license should
not be revoked. After the service of this notice, and on
the same day, the mayor and common council met in
special session and charged relators with violating the
terms of the ordinance under which the license had been
issued, and, without affording relators an opportunity to
be heard, and without any proof of the charges made, the
mayor and council passed an ordinance revoking and can-
celling the license. Before the mayor and council could
carry this ordinance into effect, or cancel or annul the
license, relators, upon application to the superior court
for Kitsap county, obtained from said court a writ of
certiorari commanding the mayor and council to certify
their proceedings to the said court for review, and to ap-
pear before said court on July 24, 1903, and show cause
why the ordinance should not be set aside and annulled;
and an order was also issued commanding the respondents
in the meantime to desist from further proceedings un-
til the further order of the court. Relators thereupon con-
tinued their business until the 25th day of July, 1903,
at which time the said writ of review came on for hearing
before the court upon the return of relators to the writ
and upon a motion of respondents to quash the writ upon
the ground that the court had no jurisdiction of the sub-
ject matter of the action, for the reason that the acts com-
plained of were legislative, and not judicial, in their char-
acter. The lower court so held, and by a final order
quashed the writ and dismissed the proceedings. Relators
thereupon appealed to this court from the said order. The

license of relators will expire by its terms on October 1, 1903. The appeal taken from the final order of the court quashing the writ cannot be heard in this court before that time. For these reasons, and the further one that the lower court is not authorized to supersede the judgment in cases of this kind, relators have applied to this court for an order superseding the judgment of the lower court, and also superseding the operation of the ordinance, so that relators may continue to conduct their saloon under their license until the appeal may be heard in this court.

In the case of *State ex rel. Barnard v. Board of Education,* 19 Wash. 8 (52 Pac. 317, 40 L. R. A. 317, 67 Am. St. Rep. 706), it was said that "this court, in the exercise of its discretion, by virtue of its inherent powers as an appellate tribunal, can issue an order of supersedeas to preserve the *status quo* of the parties, pending the determination of the appeal upon its merits." That was a case where the relator was accused of malfeasance in office, and the charges were being tried by a board one member of which was disqualified by reason of enmity and declarations which he had made. The writ was sued out to prevent this disqualified member from sitting as a member of the board. The lower court quashed the writ, and an appeal was taken therefrom, and this court issued a supersedeas "for the purpose of making the appeal effective and to insure the complete exercise of this court over that appeal."

The case of *State ex rel. Bringgold v. Burns,* 21 Wash. 227 (57 Pac. 804), was a case where relator was being tried before the board of police upon an accusation of inefficiency and misbehavior. While the trial was in progress, the superior court of Spokane county issued a temporary writ prohibiting the board of police from pro-

ceeding further with the trial.    Upon a hearing the superior court quashed the writ, and the relator appealed to this court.    The appellant thereupon applied to this court for a writ to supersede the judgment and continue the writ of prohibition against the board of police, staying further action upon the charges before that board pending the appeal.    Upon that application this court, after distinguishing the case of *State ex rel. Barnard v. Board of Education,* said:

"The court will not grant this writ as of course.    Before it will do so, it will look far enough into the merits of the application to ascertain whether some substantial right of the complaining party has been invaded, which this court will probably remedy by the determination of the appeal."

The court then determined the merits by holding that the board of police had jurisdiction to try the relator upon the charges and denied the writ.    Both of these cases are similar to the case at bar.    In one the supersedeas was granted; in the other it was denied.    They both lay down the rule that it is within the discretion of this court to issue the writ.    But in this case we think the discretion ought not to be exercised.    The evident intention of § 4, art. 4, of the constitution, was that writs of this character should be issued only when necessary and proper to the complete exercise of the appellate and revisory jurisdiction of this court where the appeal is an adequate remedy.    It was certainly not intended that the writ should issue when it would be oppressive upon either party, or where its issuance is a virtual determination of the questions raised on the appeal.    It is true the relators have appealed to this court; the order appealed from is one from which an appeal is authorized.    But these facts are not sufficient to warrant this court, not

only in superseding the judgment of the lower court, but also in reaching beyond that and annulling the ordinance completely so far as it affects the relators. This appeal can never be heard upon its merits. Relators' license will expire by its terms on October 1, 1903. The next regular session of this court will not begin until after that time. When the case is called for hearing on the regular docket the controversy will have ceased, and under the uniform holdings of this court will be dismissed. If a supersedeas is issued, the relators will be permitted to conduct their business, in violation of the ordinance and of the judgment of the lower court, until the expiration of the term of their license, and thereupon they will have no further interest in the appeal. If the supersedeas is not issued they cannot conduct their business between this time and October 1, 1903, when their right to conduct it will expire. In either event, after the expiration of the license upon which all their rights are based, there can be no live question for our consideration. The appeal, therefore, is inadequate, even if relators have the right to take it. If the appeal were an adequate remedy, and a supersedeas as prayed would insure a hearing upon the merits, we should feel inclined to grant it; but a supersedeas which permits an ordinance or a statute to be avoided, and which gives an appellant all the advantages of a reversal without a hearing upon the case, is dangerous, and should not be granted when there is any other remedy.

For these reasons the application is denied.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.