[No. 5535. Decided February 27, 1905.]

CASSIUS A. PACKENHAM, *Petitioner*, v. C. S. REED, *as Superintendent of the Reform School of the State of Washington, Respondent.*[1]

BAIL—INFANT COMMITTED TO REFORM SCHOOL—APPEAL AND STAY OF EXECUTION. An infant convicted of crime and committed to the reform school has a right to be admitted to bail, pending an appeal to the supreme court.

HABEAS CORPUS—TO ADMIT TO BAIL—JURISDICTION OF SUPREME COURT. The supreme court has jurisdiction of a writ of habeas corpus to admit to bail a prisoner who has appealed to the supreme court, and may make an order admitting the applicant to bail; and the fact that the superior court had denied bail and could be compelled by mandate to admit to bail, is no bar to the remedy by habeas corpus.

Application filed in the supreme court February 13, 1905, for a writ of habeas corpus to admit to bail. Granted.

*W. W. Langhorne* and *Vance & Mitchell,* for petitioner.

*J. R. Buxton* and *A. J. Falknor,* for respondent.

RUDKIN, J.—Original application for a writ of habeas corpus. The facts, as shown by the petition for the writ and the return thereto, are as follows:   On the 14th day of January, 1905, the petitioner, an infant of the age of ten years, was convicted, before one of the justices of the peace of Lewis county, of a violation of section 12 of the act of 1903, page 325.   The justice of the peace thereupon sent said infant petitioner, together with all papers filed in his office upon the subject, to the judge of the superior court of said Lewis county, as required by Bal. Code, § 2722. On the 21st day of January, 1905, the superior court of Lewis

1Reported in 79 Pac. 786.

county orally affirmed the judgment of the justice of the peace, and ordered the petitioner committed to the reform school of the state of Washington, until he should attain the age of eighteen years, or until he should otherwise be legally discharged therefrom.    On the 21st day of February, 1905, the superior court issued a commitment, directing the superintendent of the state reform school to take the petitioner into his custody, and him safely keep in said reform school, until he should attain the age of eighteen years, or until he should be legally discharged therefrom. The superintendent of the state reform school now holds the petitioner in his custody by virtue of said commitment.

On the 6th day of February, 1905, the petitioner gave notice of appeal to the supreme court, from the decision and judgment of the superior court, and said appeal is now pending in this court.    At the time of giving said notice of appeal, the petitioner applied to the superior court for an order fixing the amount of bail pending said appeal; but the application was denied, for the reason that the petitioner was not entitled to be admitted to bail pending the appeal, in the opinion of the lower court.    Upon these facts the petitioner prays that he be discharged from the custody of the superintendent of the reform school, or that he be admitted to bail pending his appeal.    The regularity and validity of the proceedings under which the petitioner is held will be determined on the appeal now pending, and the court, on this application, will only consider the right of the petitioner to be admitted to bail pending his appeal.

Bal. Code, § 2726, provides that proceedings in the superior courts, such as were had in the court below, may be reviewed by the supreme court in the manner provided by law for reviewing criminal cases in these courts.    Bal. Code, § 6530, provides as follows:

"In all criminal actions, except capital cases in which the proof of guilt is clear or the presumption great, upon

an appeal being taken from a judgment of conviction, the court in which the judgment was rendered, or a judge thereof, must, by an order entered in the journal or filed with the clerk, fix and determine the amount of bail to be required of the appellant."

This court has uniformly given a liberal construction to statutes granting a stay of proceedings on judgments, pending appeals therefrom to this court. *State ex rel. Boom Co. v. Superior Court,* 2 Wash. 9, 25 Pac. 1007; *State ex rel. Bank v. Superior Court,* 12 Wash. 677, 42 Pac. 123; *Fawcett v. Superior Court,* 15 Wash. 342, 46 Pac. 389, 55 Am. St. 894; *State ex rel. Denham v. Superior Court,* 28 Wash. 590, 68 Pac. 1051. And we have no doubt that an infant, convicted of crime and committed to the reform school, has a right of appeal from the judgment and order of commitment, and, incidentally, a right to be admitted to bail pending the appeal. So far as the courts are concerned, there can be no distinction between the constitutional right to bail before conviction, and the statutory right to bail pending an appeal from a judgment of conviction.

The only remaining question is, has the petitioner adopted the proper procedure to obtain the right guaranteed to him by the statute? Under §§ 4 and 6, art. 4, of the state constitution, and Bal. Code, § 5817, writs of habeas corpus may be granted by the supreme court or superior court, or by any judge of either court, and, upon application, the writ shall be granted without delay. Bal. Code, § 5828, provides as follows: "The writ may be had for the purpose of admitting a prisoner to bail in civil and criminal actions." This statute is simply declaratory of the common law. 15 Am. & Eng. Ency. Law (2d ed.), p. 189. The fact that bail has been denied by the superior court, and that said court might be compelled by writ of mandate from this court to admit the petitioner to bail,

is no bar to the remedy by habeas corpus. The very fact that a prisoner is compelled to apply for a writ of habeas corpus to admit him to bail, presupposes that bail has already been denied, or fixed in an excessive amount, by some court or officer authorized to take, or admit to, bail in the first instance.

In *Ex parte Croom,* 19 Ala. 651, where a prisoner was denied bail by the circuit judge, it was held to be the proper practice to apply to the supreme court for a writ of habeas corpus to admit to bail. In *Ex parte Good,* 19 Ark. 410, the court says:

"If upon the hearing of an application for bail, the circuit court, or judge, refuse to admit the prisoner to bail, upon a proper application to this court, and showing of the facts upon which the judge acted, if the showing be deemed sufficient, a certiorari would be awarded to bring up a transcript of the papers and proceedings upon the application for bail, for revision, and if it was determined that the prisoner was entitled to bail, this court might bring him before it by habeas corpus, and admit him to bail, or if deemed more convenient, direct the circuit judge, by the proper mandate to do so."

Again, in the same case, the court says:

"The power of revision is to be found in that clause of the constitution which confers upon the supreme court a general superintending control over all inferior and other courts of law and equity; and in furtherance of such superintending and controlling power, to issue writs of habeas corpus, certiorari, mandamus, etc., and to hear and determine the same."

The language of our constitution is:

"The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." Art. 4, § 4.

In *People v. Smith,* 1 Cal. 9, *Ex parte Duncan,* 54 Cal.

75, *Ex parte Smith*, 89 Cal. 79, 26 Pac. 638, and *Ex parte Curtis*, 92 Cal. 188, 28 Pac. 223, the supreme court of California entertained applications for writs of habeas corpus to admit to bail, where bail had been denied by inferior courts, without any question as to its right or jurisdiction to do so. See, also, *Jones v. Kelly*, 17 Mass. 116. So far as our investigations have led us, we have found no case where jurisdiction to admit to bail by habeas corpus has been denied, in the absence of a statute limiting the power of the court in that regard.

For the foregoing reasons, we are satisfied, that the petitioner is entitled to be admitted to bail pending his appeal; that the court has jurisdiction to grant him that right; and that the fact that bail has been denied by the lower court is no bar to the remedy by habeas corpus. It is therefore ordered that the petitioner be admitted to bail in the sum of $500, pending his appeal to this court, and that, upon filing a good and sufficient bail bond in said sum with the clerk of the superior court of Lewis county, conditioned as by law provided, to be approved by said clerk, the respondent shall discharge the petitioner from the reform school, where he is now detained, pending said appeal, and until the further order of the court. Let the order of discharge issue forthwith, to take effect upon the filing and approval of a proper bail bond.

MOUNT, C. J., DUNBAR, CROW, and HADLEY, JJ., concur.