[No. 15651.    Department One.    January 27, 1920.]

## THE STATE OF WASHINGTON, *on the Relation of Spokane & Eastern Trust Company et al., Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Bruce Blake, Judge, Defendant.*[1]

APPEAL (62)—FINAL ORDERS—PROHIBITION. A writ of prohibition is a special proceeding and from a final judgment an appeal may be taken to the supreme court under Rem. Code, § 1033.

APPEAL (244)—SUPERSEDEAS—BY SUPREME COURT—DISCRETION—MERITS OF APPEAL. Upon appeal from the denial of a writ of prohibition, supersedeas, while discretionary, will ordinarily be granted if necessary to preserve the *status quo* or the fruits of the appeal, but only after the discretion is exercised upon an examination into the application for the supersedeas to determine whether the appellant's substantial rights will be injured.

SAME. The proper exercise of the discretion of the supreme court to grant a supersedeas in aid of its appellate jurisdiction requires a denial of the supersedeas if the court determines there is no substantial basis for the appeal.

WITNESSES (3)—SUBPOENA DUCES TECUM—RIGHT TO. A witness subpoenaed *duces tecum* cannot refuse to produce books which are shown to be material, on the ground of their immateriality, if they are not confidential or of a privileged character.

SAME. A showing that books were necessary to enable a referee to make his findings of fact and report upon an accounting and that no other source was accessible, is sufficient to justify the issuance of a subpoena *duces tecum.*

SAME. A witness subpoenaed *duces tecum* cannot refuse to produce the documents on the ground of their inadmissibility or of their weight as evidence.

SAME. Noncompliance with a subpoena *duces tecum* cannot be excused on the ground of the inconvenience to the witness.

SAME. It is not a valid objection to a subpoena *duces tecum* to produce the books of a bank before a referee that they contain confidential communications with other parties which may be made public, since it is presumed that the referee will not permit any such improper use of the records.

[1] Reported in 187 Pac. 358.

Application filed in the supreme court December 2, 1919, for a writ of mandamus to compel the superior court for Spokane county, Blake, J., to fix the amount of a supersedeas bond on appeal. Denied.

*Cyrus Happy* and *O. C. Moore (Graves, Kizer & Graves,* of counsel), for relators.

*Geo. W. Belt* and *Fred M. Williams,* for defendant.

MACKINTOSH, J.—In the superior court for Spokane county, before the Honorable Bruce Blake, one of the judges thereof, there was pending an action entitled Daniel v. Daniel, in which the plaintiff claimed an undivided interest in certain property located in Spokane, and the right to an accounting for the rents, issues and profits thereof. In January, 1918, the court entered a decree in favor of the plaintiff, awarding her an undivided interest in the property and an accounting for one-twelfth of the rents, profits and issues for the period beginning December, 1903. In that accounting the amount of taxes and assessments paid out by the defendant were to be ascertained, together with the costs and improvements made by the defendant and the cost of materials, repairs and upkeep. There was also to be ascertained the amount of the mortgage which existed in December, 1903, and the amount of the mortgages which now exist, and what use or disposition was made by the defendant of the funds received from the mortgages. An appeal from this decree was taken by the defendant to this court, where it was affirmed and may be found reported in *Daniel v. Daniel,* 106 Wash. 659, 181 Pac. 215.

Upon the remittitur going down, Judge Blake appointed S. P. Domer as referee to take the accounting in accordance with the terms of the decree. On October 21, 1919, testimony was commenced to be taken

before the referee, when the defendant Daniel submitted a written account of the rents, profits and issues from December, 1903, to date, and testified that no books of accounts, records, deposit books, leases, checks, documents or memoranda were in his possession from which the account was compiled, and that the same had been made entirely from his recollection. He further testified that he had deposited the rents derived from the property in certain banks in Spokane, one of which, the Spokane and Eastern Trust Company, is the relator in this action; that his brother, during four years of the time, was associated with him as part owner of the property and had collected and received portions of the rents and had deposited the same in this bank. The plaintiff claimed before the referee that the production of the account of the defendant and his brother with the Spokane and Eastern Trust Company, the relator, was necessary in order to enable the referee to take a proper accounting, and that no other source accessible to the plaintiff existed from which to obtain the information that the bank's books would show. The plaintiff asked for a subpoena *duces tecum* to issue to the proper officers of the bank to produce its books, records and papers, in so far as they related to the account of the defendant and his brother covering the period under examination before the referee. The referee, being satisfied that the material sought by the subpoena was necessary for a full and complete disclosure of the rents, issues and profits, directed the issuance of the subpoena *duces tecum* to the bank. (When we use the word "bank" we are, for the sake of brevity, using it as inclusive of the bank itself and its officers, to whom the subpoena was directed.)

The bank refused to produce the evidence called for in the subpoena, whereupon an action entitled the

State of Washington on the relation of the Spokane & Eastern Trust Company v. Domer was instituted in the superior court for Spokane county, for the purpose of prohibiting Domer, as referee, from proceeding against the Spokane & Eastern Trust Company for the violation of the subpoena; the referee having threatened to punish the bank for contempt in failing to obey the subpoena. Upon the hearing in the superior court before the Honorable Bruce Blake, the writ of prohibition was quashed and the proceeding dismissed, whereupon the Spokane & Eastern Trust Company appealed and made an application to Judge Blake for an order fixing the amount of the supersedeas bond on appeal to this court from the order denying the petition for a writ of prohibition. This motion for supersedeas bond was denied. The Spokane & Eastern Trust Company then came to this court in this action with a petition for a writ of mandate to issue to the superior court of Spokane county and Bruce Blake, judge thereof, directing them to fix the amount of the supersedeas bond to be given on appeal to this court from the dismissal of the prohibition action in the superior court of Spokane county. The matter is before us on this petition.

The writ of prohibition sought in the superior court was a special proceeding, and from a final judgment in such proceeding § 1033 of Rem. Code, provides that an appeal may be taken to the supreme court. *State ex rel. Nooksack River Boom Co. v. Superior Court,* 2 Wash. 9, 25 Pac. 1007; *State ex rel. Prosecuting Attorney v. Union Savings Bank of Spokane,* 86 Wash. 48, 149 Pac. 327. And where the court has issued a writ of prohibition, supersedeas is granted on appeal. But where, in the superior court, the writ of prohibition or mandate or injunction has been denied, the granting of supersedeas is a matter of discretion with the court,

and in the exercise of that discretion this court has said that supersedeas will ordinarily be granted where, if not granted, the appeal would be made futile, depriving the appellant of the fruits of his appeal; that the *status quo* will be preserved pending the determination of the appeal upon its merits. *State ex rel. German-American Safe Deposit & Savings Bank v. Superior Court,* 12 Wash. 677, 42 Pac. 123; *State ex rel. Barnard v. Board of Education,* 19 Wash. 8, 52 Pac. 317, 67 Am. St. 706, 40 L. R. A. 317; *Packenham v. Reed,* 37 Wash. 258, 79 Pac. 786; *State ex rel. Davis & Co. v. Superior Court,* 95 Wash. 258, 163 Pac. 765; *Bier v. Clements,* 95 Wash. 505, 164 Pac. 82. But these cases, while preserving the *status quo* in order to protect the appellant in the event of his success on the appeal, require that the discretion of the court should be exercised after an examination into the application for the supersedeas to determine whether the appellant has any substantial right which would be injured by the refusal of the supersedeas. *State ex rel. Bringgold v. Burns,* 21 Wash. 227, 57 Pac. 804; *State ex rel. Cawley v. Bremerton,* 32 Wash. 508, 73 Pac. 477; *State ex rel. Martin v. Poindexter,* 43 Wash. 147, 86 Pac. 176.

Although the court should place no obstacles in the way of one appealing as he is permitted by statute, still, it is to be remembered that the appeal is a privilege which is accorded, and although that privilege is looked upon with favor, still, if its exercise interferes with the rights of others, and the appeal itself upon the record presented in the mandamus action appears to be without merit, a supersedeas will not be granted, although such denial may virtually dispose of the appeal and destroy any possibility of its efficacy to the appellant. In other words, the fact that, though the result sought to be prevented by the appeal may be accomplished by the failure to grant the supersedeas,

this court cannot be deprived of its right to exercise its discretion in the refusing or granting of the supersedeas in aid of its appellate powers; and if, in the examination which must necessarily be made of the merits of the appeal to determine the proper way in which that discretion shall be exercised, this court determines there is no substantial basis for the appeal, the proper exercise of its discretion in such cases requires that the supersedeas be denied.

In a case such as this before us, although the appellant is pursuing a remedy accorded it by law, on the other hand, it is not to be forgotten that it is interfering with the conduct of a trial in a court of justice, and that such interference is not ordinarily to be sanctioned, even though, by withholding the supersedeas, the fruits of appellant's appeal may be entirely destroyed before the appeal is heard on its merits.

It becomes necessary, therefore, to investigate the merits of this controversy as they are shown in the record presented on this application for a writ of mandate. That record shows that the testimony sought to be secured by the subpoena *duces tecum* is testimony which is necessary to the plaintiff's case, and the only testimony available to the plaintiff for the purpose of establishing that the account offered by the defendant is inaccurate. Under the peculiar circumstances of this accounting, the sources of information are extremely limited, and it would result in a virtual denial of justice were she prevented from using even such meagre information as the books of the Spokane & Eastern Trust Company may reveal. It is, of course, entirely possible that an examination of those books will be of no material assistance, but, according to the record, the plaintiff claims that they will be of assistance, and there is no substantial denial of that contention. A witness cannot refuse to answer a sub-

poena on the ground that he does not believe that his testimony will be of any benefit to the party subpoenaing him, in face of the fact that the testimony is material and necessary. The law recognizes the right of a witness subpoenaed *duces tecum* to refuse to produce documents which are not material or which on account of their confidential or privileged character could not be received in evidence. *Lawson v. Black Diamond Coal Min. Co.*, 44 Wash. 26, 86 Pac. 1120; *State ex rel. Seattle General Contract Co. v. Superior Court*, 56 Wash. 649, 106 Pac. 150, 28 L. R. A. (N. S.) 516. But where, as here, a showing of materiality has been made and the books and records are not of that confidential or privileged character which render them inadmissible, the witness has no right to then refuse production.

The Spokane & Eastern Trust Company asserts that a subpoena *duces tecum* need not be complied with if the court from which it is issued is exceeding its jurisdiction. The record in this case does not show that the subpoena is in itself insufficient, nor that the referee was exceeding his power in its issuance.

The Spokane & Eastern Trust Company asserts that, in order to justify the issuance of the subpoena *duces tecum,* the court issuing it must require a showing in advance of the competency, relevancy and materiality of the books and papers the production of which is sought. The record here shows that the production of these books "became and was important and necessary in order to enable this defendant, as referee, to make his findings of fact and report pursuant to the order of reference, and that there was no other source accessible to the plaintiff to obtain the information from the said books, papers and documents except by the production thereof." This showing was certainly sufficient to justify the issuance of the subpoena *duces*

*tecum,* and the subpoena was not, as so issued, void as being without or in excess of jurisdiction.

The Spokane & Eastern Trust Company asserts that a witness cannot be held for contempt on a refusal to answer incompetent or improper questions, and such witness cannot be held for contempt on a refusal to produce documents which do not contain competent or relevant evidence. As we have already shown, this evidence is material, competent and relevant.

The Spokane & Eastern Trust Company further asserts that Daniel did not make the entries contained in the books and that those entries would not even tend to indicate the sources from which deposits were derived, and that, therefore, the entries could not affect the rights of Daniel in the accounting. Although it may be that they are not the books of the accounts of the defendant, and not books of original entry, still they are proper evidence and will throw some light upon the accuracy of the account submitted by the defendant Daniel, and it is not for the Spokane & Eastern Trust Company to say the amount of weight they will carry nor the conclusiveness of their showing upon the referee. The witness subpoenaed in a case and the witness subpoenaed *duces tecum* are not in any different position before the court. It is not for either to comply or to refuse to comply with the subpoena by determining for themselves the admissibility of the evidence sought nor the weight thereof.

This observation also applies to the further objection of the Spokane & Eastern Trust Company that it would be a great inconvenience to it to respond to the subpoena. If it were the rule that witnesses might respond or not to the subpoena according to the inconvenience they might suffer by responding, lawsuits would be conducted according to private, rather than

public, convenience. The further objection of the Spokane & Eastern Trust Company, that to comply with the subpoena would entail great expense, is answered in the same way.

It is also asserted by the Spokane & Eastern Trust Company that the books and records called for contain confidential communications with clients of the bank other than defendant Daniel, and that, by their production in court, these communications might become public property. The answer to this is, first, that the referee has plainly said that he is not going to divulge any such confidential communications that accidentally might see the light of day; and second, it is to be presumed, in the absence of evidence to the contrary, that a public official, such as the referee, in the performance of his sworn duty, is not going to allow records introduced before him to be used for any but their proper purpose, nor is he going to convert the trial of the cause into material for general gossip.

As a matter of fact, the record shows that the Spokane & Eastern Trust Company is not making any very serious objection to answering the subpoena; that the objection is coming from the defendant Daniel, the record showing that the Spokane & Eastern Trust Company, in appearing in response to the subpoena, merely stated, through its attorney, that the records called for would weigh half a ton; that some of them are constantly used in the bank's business, and that is is an invariable rule of the bank never to allow them out of its custody. The argument made in this respect fails to convince us that this court should quash the subpoena on any of these grounds.

The bank's attorney stated that he was advised that the defendant is claiming the subpoena to have been issued without authority, and that, under such circumstances, the bank "has felt constrained to allow the

matter to be tested out." To the question, "The bank has no objection to complying with the subpoena; they are simply standing on the objection made by counsel, I understand?" the bank's attorney answered; "That is the situation. There is no objection except the legal objection."

There is also involved in the case the subpoena *duces tecum* for the books of the Trader's National Bank, now in the custody of the Spokane & Eastern Trust Company. What we have said in this opinion applies equally to the books and records of the Trader's National Bank.

This examination into the facts of the case indicates to us clearly that the appeal is without merit, and therefore, in the exercise of our discretion, the application for a writ of mandate to compel the issuance of supersedeas on appeal is denied.

HOLCOMB, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.