[No. 17676.    Department One.    December 15, 1922.]

THE STATE OF WASHINGTON, *on the Relation of John S. Gray, Plaintiff*, v. R. M. WEBSTER, *Judge of the Superior Court for Spokane County, et al., Respondents.*[1]

INFANTS (2)—JUVENILE DELINQUENTS—ORDER OF COMMITMENT— RIGHT TO APPEAL—BAIL PENDING APPEAL—STATUTES—CONSTRUCTION. A delinquent child committed to the reform school is not entitled to bail pending his appeal from the commitment; since under the juvenile act, Rem. Comp. Stat., §§ 1987-1 to 1987-18, there is no right of appeal provided for, and as the act provides that such a judgment shall in no case be deemed a conviction of crime, there is no appeal as from a criminal conviction.

Application filed in the supreme court November 6, 1922, for a writ of mandamus to compel the superior court for Spokane county, Webster, J., to admit a

[1]Reported in 211 Pac. 274.

juvenile delinquent to bail pending appeal from an order of commitment to the state training school. Denied.

*Giles C. Rush,* for relator.

*The Attorney General,* for respondent.

Holcomb, J.—This application for a writ of mandamus, directed to the superior court of the state of Washington in and for Spokane county, and to R. M. Webster, judge of the juvenile court thereof, came on to be heard upon an alternative and show cause order issued upon the petition of relators and upon the answer and return thereto by His Honor, the judge of the juvenile court.

Roy Gray, son of the relator, a minor under the age of sixteen years, upon the petition of a reputable person resident of Spokane county, which was filed in the superior court in delinquency proceedings on October 6, 1922, was, on October 6, 1922, committed by the juvenile judge to the state training school at Chehalis, Washington, indeterminately.

On October 13, 1922, a notice of appeal from the commitment to the state training school was given on behalf of Roy Gray, and filed in the superior court on October 16, 1922.

Thereafter relator applied to the judge of the juvenile court to admit Roy Gray to bail pending an appeal to this court. The application was denied. The application here is to command the judge below to admit Roy Gray to bail pending appeal.

The judge of the court below denied bail on the ground that there was no right of appeal under the existing juvenile court law, and therefore no right of appeal at all on behalf of the minor, and hence no right to bail.

The juvenile court law is found in Rem. Comp. Stat., §§ 1987-1 to 1987-18, inclusive. It provides the proceedings in matters of dependent and delinquent children, and defines who are dependent and delinquent children, and specifies that an order of court adjudging a child dependent or delinquent under the provisions of the act shall in no case be deemed a conviction of crime. Section 1987-14 provides that the act shall be liberally construed to the end that its purposes may be carried out, to wit: that the care, custody and discipline of a dependent or delinquent child as defined in the act shall approximate as nearly as may be that which should be given by its parents, etc., and provision is made for the changing of the order of the juvenile court at any time when to the judge it may seem meet and proper. No provision is made in the act for an appeal from the juvenile court to this court.

Relator relies largely upon the case of *Packenham v. Reed*, 37 Wash. 258, 79 Pac. 786, where an infant of the age of ten years had been convicted of a misdemeanor and committed by the superior court to the state reform school until eighteen years of age, or until legally discharged therefrom. He appealed from the decision and judgment of the superior court to this court, and pending appeal applied for bail, which was denied by the superior court, and granted on habeas corpus by this court.

That decision was rendered prior to the passage of any juvenile court law in this state, and in that case the child had been convicted of an offense from which the statute provided an appeal. It was such an offense as was proper to admit to bail pending appeal, under the section of the statute then cited as Bal. Code, § 6530. In the opinion it was said that:

"This court has uniformly given a liberal construction to statutes granting a stay of proceedings on judg-

ments, pending appeals therefrom to this court. (Citing cases) . . . . we have no doubt that an infant, convicted of crime and committed to the reform school, has a right of appeal from the judgment and order of commitment, and, incidentally, a right to be admitted to bail pending the appeal.''

We are still disposed to give a liberal construction to statutes granting a stay of proceedings on judgments pending appeals, but there must be a right of appeal before there is any right to bail.

While it is predisposing the question of the right of relator to appeal before the appeal is submitted, this matter cannot be decided without consideration of that question. The statute, Rem. Comp. Stat., § 2310, provides that bail is allowable, first, when the person is charged with an offense; second, in contempt proceedings, § 1055; third, in all criminal actions on appeal from convictions, except capital cases; and fourth, in habeas corpus proceedings, § 1077. Since the juvenile court statutes, *supra,* positively provide that an order of court adjudging a child dependent or delinquent shall in no case be deemed a conviction of crime, it would seem to inhibit the right to appeal as from a judgment of conviction. That has been generally held by the courts, where the statutes, such as ours, do not provide in the acts themselves for an appeal from a judgment or order of the juvenile court. *Foster v. Myers,* 59 Ore. 549, 117 Pac. 806; *Ex parte Bartee,* 76 Tex. Cr. 285, 174 S. W. 1051; *Horn v. State,* 78 Tex. Cr. 407, 181 S. W. 727; *Mill v. Brown,* 31 Utah 473, 88 Pac. 609, 120 Am. St. 935; *Marlowe v. Commonwealth,* 142 Ky. 106, 133 S. W. 1137; *Collins v. Williams,* 156 Ky. 57, 160 S. W. 733; and *Ex parte Januszewski,* 196 Fed. 123.

It has been said that:

''An appeal from a judgment of conviction is not a matter of absolute right, independently of constitu-

tional or statutory provisions allowing such appeal.''
*Andrews v. Swartz,* 156 U. S. 272.

See, also, *McKane v. Durston,* 153 U. S. 684.

Our constitution Art. I, § 22, guarantees the right
of appeal in all criminal prosecutions, but, as we have
said, our statute provides that delinquency proceed-
ings against juveniles are not criminal proceedings,
and we have so held in *In re Lundy,* 82 Wash. 148, 143
Pac. 885, Ann. Cas. 1916E 1007.

While there appears, from the transcript sent up in
this case, to have possibly been some omissions of the
procedure required by the statute, and especially be-
fore a child should be taken away from its parent and
committed to a place of detention, or awarded to
others for custody, the correction of such errors must
be by some extraordinary remedy, since the statute
gives no right of appeal.

For the reasons stated, the peremptory writ of man-
date must be and is denied.

PARKER, C. J., BRIDGES, MACKINTOSH, and MITCHELL,
JJ., concur.