[No. 31718.   Department One.   January 10, 1952.]

*In the Matter of the Welfare of* LARRY *and* MICHAEL KING, *Minors.*[1]

*H. Orley Solomon,* for appellant.

*Charles O. Carroll* and *Dale E. Sherrow,* for respondent.

WEAVER, J.—Since we must dismiss this appeal, we set forth only those facts necessary to explain our decision.

May 26, 1950, the juvenile court of King county declared Larry and Michael King, ages five and two, dependent children under the statute. They were committed to the custody of the King county welfare department. Their father, appellant here, had been given notice and was present at the hearing. No review of the order was sought in this court.

September 13, 1950, a petition was filed, alleging:

". . . that the welfare of said children would be best served by the permanent deprivation of parental rights of said father, Larry King [appellant], and said mother, Dorothy Dantzler King, in and to said children; and by the placement of said children in adoption."

The petition closed with a prayer to enter such order as shall be for the welfare of the children.

[1] Reported in 239 P. (2d) 553.

Pursuant to notice and summons, the parents were in court when the petition came on for hearing. The summons and orders subsequently entered show the hearing was held September 22, 1950; the statement of facts shows it was held September 21, 1950. The parents were not represented by counsel.

We refrain from commenting upon what took place in this matter on September 22, 1950 (or September 21st). We need only say, had we jurisdiction on this appeal, the matter would be remanded for a trial commensurate with the seriousness and dignity of the question involved—the permanent deprivation of parental rights.

The order depriving appellant of parental rights to Larry King was signed by the court and stamped by the clerk as filed on September 27, 1950. The file date of the clerk was canceled and "Oct. 6" written in. A like order treating with Michael King was first dated over the signature of the court and stamped filed by the clerk on September 27, 1950. Both dates were then canceled and "October 6" substituted. No review of these orders was sought in this court.

On October 9, 1950, appellant, appearing for the first time by counsel, filed a petition for a rehearing and asked that the case be reopened. It is, in effect, a motion for a new trial.

November 3, 1950, the juvenile court entered two orders denying the petition for a rehearing. The order as to Larry King provided:

"IT IS FURTHER ORDERED that that certain order of this Court, inadvertently entered herein on the 27th day of September, 1950, by reason of the fact that it was inadvertently entered on that said date, be and the same is hereby declared entered as of the 27th day of October, 1950; that the said order be and the same is hereby confirmed in all other respects, to remain in full force and effect."

The other order as to Michael King changed the date of the "order of this Court, inadvertently entered herein on the 6th day of October, 1950," to October 27, 1950.

The appeal is taken:

". . . from judgment entered in the above entitled cause upon the 3rd day of November, 1950, depriving him of any and all parental rights and interest in and to his minor children, . . ."

Parenthetically it was not the orders of November 3, 1950, which deprived appellant of parental rights; it was the orders of October 27, 1950 (or of October 6th or of September 27th), from which no review was sought in this court.

■ The orders of November 3, 1950, do two things: (1) they move one judgment day up twenty-one days, the other one month, a procedure upon which we express no opinion; (2) they deny a petition for a rehearing which was in effect a motion for a new trial. An order denying such a petition or motion is not an appealable order. Rem. Rev. Stat., § 1716 [P.P.C. § 5-1]; *Wilson v. Katzer,* 37 Wn. (2d) 944, 226 P. (2d) 910.

■■ But this appeal must be dismissed for another reason. In the recent case of *In re a Minor* (December 6, 1951), *ante* p. 744, 238 P. (2d) 914, we said:

"We have heretofore pointed out that there is no provision in the juvenile court law [citing statutes] for an appeal to this court. *State ex rel. Gray v. Webster* (1922), 122 Wash. 526, 211 Pac. 274. There being no right of appeal, we must perforce dismiss the attempted appeal.

"To say that there is no appeal from the juvenile court does not mean that its orders and judgments are not subject to review and its errors may not be corrected, certiorari and prohibition having been utilized for that purpose on numerous occasion." (p. 749.)

This appeal is, therefore, dismissed.

SCHWELLENBACH, C. J., MALLERY, GRADY, and DONWORTH, JJ., concur.