[No. 32697. Department One. June 11, 1954.]

NICK ROMANO *et al., Respondents and Cross-appellants,* v. HENRY ABRAHAM *et al., Appellants.*[1]

[1]Reported in 271 P. (2d) 701.

*Walthew, Oseran & Warner, Samuel C. Rutherford, Ferguson & Burdell,* and *William Wesselhoeft,* for appellants.

*Dodd & Russell,* for respondents and cross-appellants.

OLSON, J.—Plaintiffs brought this action to recover the balance due on a written agreement for the settlement of an unliquidated indebtedness. After a trial to the court, judgment was entered for plaintiffs, and defendants have appealed.

Plaintiffs and defendants were engaged in a joint venture. Defendants purchased plywood and logs which were sold by plaintiffs. Profits from the venture were to be shared equally. Funds for the purchases were supplied by plaintiffs, and were placed in a bank account against which only defendants drew checks. A dispute arose regarding the amount of the "overdraws" by defendants from these funds. Plaintiffs asserted that defendants were indebted to them in the sum of approximately seven thousand dollars. The parties had a conference, at which the entire transaction was canvassed and bargaining occurred. Defendants then agreed to pay, and plaintiffs agreed to accept, the sum of three thousand dollars, at the rate of two hundred fifty dollars or more per month, in full settlement of all accounts for all transactions between them.

Defendants made only one monthly payment, and this action was brought on the agreement. Defendants alleged as defenses that the agreement should be rescinded because it was induced by false statements of plaintiffs regarding the proceeds of the venture, and that it lacked consideration. They also prayed for an accounting and for a money judgment against plaintiffs.

The trial court found against defendants upon their claim of fraud, after hearing conflicting evidence. It is well established that fraud must be proved by clear, cogent, and convincing evidence. That was not done in this case. In any event, the evidence does not preponderate against the findings of fact and, consequently, under our well-settled rules, they will not be disturbed.

■ Plaintiffs' original claim against defendants was un-liquidated and disputed. The settlement or agreement to compromise such a claim is supported by sufficient consideration, "the real consideration to each party being, not the sacrifice of the right, but the settlement of the dispute." *United Truck Lines v. Employers Mutual Cas. Co., ante* p. 520, 525, 268 P. (2d) 1014 (1954), and cases cited.

Prior to the trial, defendants served a subpoena *duces tecum* upon one of the plaintiffs, by which they demanded that certain specific documents and all books and records of the venture, kept by plaintiffs, be produced at the trial. These records, particularly the invoices, were voluminous. All of the invoices were not brought into court. However, at the time their production was demanded, it developed that all of the books and records of the venture had been made available to defendants prior to the trial, by stipulation of counsel. Also, plaintiffs' counsel offered to produce any specified invoice in court. Defendants then agreed to proceed with the trial.

■ Upon such facts, the trial court was not in error in requiring defendants to specify the documents desired, and in refusing to require plaintiffs to bring all of the records into court. There was no refusal to produce which can bring this case within the rules stated in *Interstate Engineering Co. v. Archer,* 64 Wash. 629, 117 Pac. 470 (1911), or *State ex rel. Spokane & Eastern Trust Co. v. Superior Court,* 109 Wash. 634, 187 Pac. 358, 9 A. L. R. 157 (1920). Further, defendants waived insistence upon strict compliance with the subpoena.

Defendants also assign error upon the failure of the trial court to order an accounting. This assignment is without merit because the settlement agreement was not impeached, and there is no reason for an accounting between the parties.

■ Plaintiffs have cross-appealed from the allowance of $108.25 as an offset against the amount due to them under the agreement. This item was defendants' share of the profit on one shipment of plywood sold by plaintiffs for the venture, which the court found was not credited to de-

fendants. The evidence shows that the sale from which this offset arose was made before the parties reached their settlement. Their agreement referred to the entire transaction between them, and there is substantial evidence that the disputed item was discussed during the settlement negotiations. After the settlement agreement was sustained, defendants were not entitled to the offset.

The judgment is affirmed on defendants' appeal, and modified on plaintiffs' cross-appeal to disallow the amount offset. Plaintiffs shall recover costs on this appeal.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

